UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Santos Gutierrez Leiva,<br><br>            Plaintiff,<br><br>   -v-<br><br>Los Amigos Deli Bodega Hispana Corp. and David Taveras,<br><br>            Defendants. | 2:24-cv-05222<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  Before me is a Motion for Default Judgment by Plaintiff Santos Gutierrez Leiva ("Gutierrez Leiva") against Defendants Los Amigos Deli Bodega Hispana Corp. and David Taveras (collectively, "Defendants") and the Report and Recommendation (the "R&R") by Magistrate Judge Anne Y. Shields that the Motion be granted in part and denied in part. For the reasons stated below, I adopt the R&R in part and reject only its recommendation to deny damages under the Wage Theft Prevention Act (the "WTPA"). Accordingly, I grant Gutierrez Leiva's Motion for Default Judgment for the reasons set forth in the R&R and below.

**PROCEDURAL HISTORY**

  On July 26, 2024, Gutierrez Leiva commenced this action against Defendants seeking to recover unpaid overtime wages and other relief for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 146, of the New York Codes, Rules, and Regulations ("NYCRR"). (Compl., ECF No. 1.)

  On February 28, 2025, Gutierrez Leiva filed a Motion for Default Judgment, seeking

damages, interest, attorney's fees, and costs. (ECF No. 12.) On May 20, 2025, I denied Plaintiff's Motion for Default Judgment with leave to renew upon proper submission in compliance with the Servicemembers Civil Relief Act. (Elec. Order, May 20, 2025.) On May 22, 2025, Gutierrez Leiva filed a letter addressing that issue and enclosing supplemental submissions in support of a Motion for Default Judgment. (ECF No. 13.) On May 24, 2025, I enumerated additional deficiencies in the motion, instructed Gutierrez Leiva to file a renewed motion addressing those deficiencies by May 30, 2025, and referred the renewed motion to Magistrate Judge Anne Y. Shields for a written report and recommendation. (Elec. Order, May 24, 2025.) On May 27, 2025, Gutierrez Leiva timely filed the renewed Motion for Default Judgment, which rectified the deficiencies identified in the May 24, 2025 Order. (ECF No. 14.)

On September 25, 2025, Judge Shields issued a Report and Recommendation (the "R&R") recommending that Gutierrez Leiva's Motion for Default Judgment be granted in part and denied in part and that Gutierrez Leiva be awarded damages, fees, and costs as follows:

> (1) unpaid minimum wage and overtime compensation, pursuant to both the FLSA and the NYLL, in the amount of $5,986.00; (2) liquidated damages, pursuant to the NYLL, in the amount of $5,986.00; (3) pre-judgment interest through the date of this Report and Recommendation in the amount of $802.16, with additional interest to be calculated at a rate of $1.48 per day through the date of judgment herein; and, (4) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. Section 1961, for a total monetary award of $12,774.16, plus additional interest.

(R&R at 15–16, ECF No. 15.) Judge Shields recommended denial of Gutierrez Leiva's request for WTPA damages under NYLL Sections 195(1) and 195(3) on the basis that the Amended Complaint does not establish Gutierrez-Leiva's standing to pursue these claims. (*Id*. at 12–14.)

A copy of the R&R was provided to Gutierrez Leiva via ECF on September 25, 2025 (*see id.*), and Gutierrez Leiva filed a certificate of service on September 26, 2025 affirming service of

the R&R on each Defendant on September 26, 2025 via delivery by USPS First Class Mail and FedEx Overnight Delivery at the address of Los Amigos Deli's principal place of business (*see* ECF No. 16). The R&R instructed that any objections to the R&R were required to be submitted in writing to the Clerk of Court within fourteen (14) days of service of the R&R. (R&R at 16.) Consequently, the deadline to object to the R&R was October 10, 2025. The date for filing any objections to the R&R has thus expired, and no party has filed an objection to the R&R.

## LEGAL STANDARD

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are filed, a district court reviews a report and recommendation for clear error. *Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 158 F.4th 349, 359 (2d Cir. 2025); *In re GEICO Customer Data Breach Litig.*, 691 F. Supp. 3d 624, 628 (E.D.N.Y. 2023) (citing *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013)).

New York Labor Law § 195 requires employers to furnish employees with written notice upon hiring of the employee's "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other . . . ." N.Y. Lab. Law § 195(1)(a). The statute further requires employers to provide, "with every payment of wages," wage statements enumerating "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions . . . ." N.Y. Lab. Law § 195(3).

Under the statute, as amended by the WTPA, employees are entitled to recover damages from their employers for violations of NYLL § 195. Employees who do not receive the requisite wage notice within ten business days of employment are entitled to recover "fifty dollars for

3

each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-b). Employees who do not receive the requisite wage statements are entitled to recover "two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-d).

In the context of a wage notice or wage statement claim under NYLL § 195, "a plaintiff cannot rely on technical violations of the [NYLL]" to establish an injury-in-fact "but must allege actual injuries suffered as a result of the alleged wage notice and wage statement violations." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024) (quotation marks and alterations omitted). In order to establish such an actual injury, a plaintiff must demonstrate "some causal connection between the lack of accurate notices and [the alleged] downstream harm." *Id*. at 308. A plaintiff need not, however, establish an injury that is greater than or different from the loss of wages or overtime pay alleged in their lawsuit. *Id*. at 309. A plaintiff can establish an injury-in-fact by "show[ing] that he or she would have undertaken . . . advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided." *Id*. at 308. A plaintiff may be able to establish a concrete injury in the form of a financial harm, for example, by showing that "inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion." *Id*. at 309.

When ruling on a motion for default judgment, "a district court must determine whether—after taking all well-pleaded allegations as true and making reasonable inferences in the plaintiff's favor—the plaintiff's 'allegations establish . . . liability as a matter of law.'" *Henry*

4

*v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024) (citing *Finkel v. Romanowicz*, 577 F.3d 79 (2d Cir. 2009)). "To that end, a district court . . . 'need not agree that the alleged facts constitute a valid cause of action' and it may even 'require proof of necessary facts' to establish liability." *Id*. (citations omitted). "Only after the district court is convinced that the facts meet the elements of the relevant cause of action—whether those facts are established by well-pleaded allegations or proven by admissible evidence—may the district court enter a default judgment." *Id*.

## DISCUSSION

Because no party has timely filed objections to the R&R, I may review the R&R for clear error. *Nambiar*, 158 F.4th at 359. Nevertheless, I reviewed the R&R de novo out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the R&R in part and reject in part. I reject the R&R only with respect to the recommendation to deny damages under the WTPA for lack of standing. I otherwise adopt the R&R with respect to the remainder of its recommendations, which address liability and the calculation of unpaid minimum wage and overtime pay; liquidated damages; pre-judgment interest; and post-judgment interest.

As addressed in the R&R, Gutierrez Leiva seeks statutory damages pursuant to New York Labor Law §§ 195(1) and 195(3) (the "WTPA damages") on the basis that Defendants failed to "provide [her] with a wage notice at the time of her hire, or at any time thereafter," and failed to provide "complete and accurate wage statements with her weekly earnings." (Mot., ECF No. 14, at 14–15.) In a declaration accompanying her Motion, Gutierrez Leiva further attests:

> Because I was not provided with complete and accurate wage notices and paystubs, I was kept in the dark about how much I should have been paid.

5

> Had I been provided such wage notices and statements, I would have been more likely to know that I was entitled to overtime compensation for the hours I worked in excess of forty (40) each week, and I could have advocated for myself and brought this lawsuit earlier to enforce my rights under state and federal law.
>
> However, because I was not provided with complete and accurate wage notices and pay stubs, I could not rectify the situation, which resulted in my continued underpayment of wages.

(Gutierrez Leiva Decl., ECF No. 14-9, ¶¶ 22–24.)

The R&R recommended that I deny Gutierrez Leiva's claim for WTPA damages because she had not established Article III standing under the standard set forth in *Guthrie*, 113 F.4th 300. (R&R at 13–14.) The R&R reasoned that Gutierrez Leiva's statements resembled those found insufficient to establish standing in decisions by other courts in the Second Circuit. *Id*. (citing *Blanco v. M&R Plaza Deli Inc.*, No. 23-cv-9408, 2024 WL 4859467, at *6 (E.D.N.Y. Oct. 29, 2024), *adopted by*, 2024 WL 4855214, at *1 (E.D.N.Y. Nov. 21, 2024)). It further reasoned that "'confusion and uncertainty about' financial matters is only a 'hypothetical, speculative concern[] . . . insufficient to establish standing in a suit for damages.'" *Id*. (quoting *Brathwaite v. Martini Collections Inc.*, No. 22-cv-4929, 2025 14 WL 99108, at *7 (S.D.N.Y. Jan. 14, 2025), *adopted by*, 2025 WL 448040, at *1 (S.D.N.Y. Feb. 10, 2025)) (additional citations omitted).

Here, uncontroverted facts set forth in Gutierrez Leiva's declaration establish the concrete injury required to sustain claims for WTPA damages under *Guthrie*. Gutierrez Leiva attests that she was paid wages that fell below the state minimum wage rate and below the overtime rate for hours worked in excess of 40 hours per week. (Gutierrez Leiva Decl. ¶¶ 16–19.) She attests that Defendants did not provide her the required wage notice or statements on her

6

pay stubs at any point during her employment and that, "[h]ad [she] been provided such wage notices and statements," she "could have advocated for [herself] and brought this lawsuit earlier to enforce [her] rights under state and federal law." *Id*. ¶¶ 20–23. Gutierrez Leiva further explains that "because I was not provided with complete and accurate wage notices and pay stubs, I could not rectify the situation, which resulted in my continued underpayment of wages." *Id*. ¶ 24. This final statement establishes that Gutierrez Leiva has set forth facts demonstrating more than a mere "technical violation" of the New York Labor Law; rather, had Defendants provided her the required wage notice and wage statements, "she would have undertaken . . . advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided," which sufficiently establishes injury-in-fact. *Guthrie*, 113 F.4th at 305, 308.

      To be clear, the following statement in Gutierrez Leiva's declaration, *taken alone*, is likely insufficient to meet the *Guthrie* standard: "Had I been provided such wage notices and statements, I *would have been more likely* to know that I was entitled to overtime compensation for the hours I worked in excess of forty (40) each week, and I *could have* advocated for myself and brought this lawsuit earlier to enforce my rights under state and federal law." (Gutierrez Leiva Decl. ¶ 23) (emphasis supplied). But here, Gutierrez Leiva has provided additional facts through her attestation that "because I was not provided with complete and accurate wage notices and pay stubs, I could not rectify the situation, *which resulted* in my continued underpayment of wages." (*Id*. ¶ 24) (emphasis supplied). Accordingly, Gutierrez Leiva has established a concrete injury in the form of a financial harm "by showing that inaccurate or

7

noncompliant notices prevented [her] from obtaining full payment of wages in a timely fashion." *Guthrie*, 113 F.4th at 309.

This conclusion finds support in the decisions of courts in this Circuit which have found similar facts to demonstrate the concrete injury required by *Guthrie* for standing to pursue WTPA damages claims. *See, e.g., Lunnon v. Rigolo Prods. LLC*, No. 22-cv-7560, 2025 WL 1309488, at *5–6 (E.D.N.Y. Jan. 27, 2025) (finding standing to pursue WTPA damages claims based on plaintiff's statements that defendant "'denied [him] of [his] statutory right to receive true and accurate information about the nature of [his] employment and related compensation policies' and that 'the breach of the obligations injured [him] by denying [him] the right to know the conditions of [his] compensation, and resulted in the underpayment of wages . . .'"), *report and recommendation adopted*, Mar. 10, 2025 ECF Order; *Solis v. Tropical Rest. Bar Inc.*, No. 23-cv-1707, 2024 WL 4271234, at *13 (E.D.N.Y. Sept. 19, 2024) (same), *report and recommendation adopted*, Dec. 5, 2024 ECF Order; *Moran v. John J. Picone, Inc.*, No. 24-cv-4095, 2025 WL 2783596, at *8 (E.D.N.Y. Sept. 30, 2025) (finding the same where plaintiff alleged "Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier . . . Plaintiff would have asserted his claim sooner if accurate statements had been provided"); *see also Velasquez v. Universal Prot. Serv., LLC*, No. 1:24-cv-4795, 2025 WL 2105894, at *4 (S.D.N.Y. July 28, 2025) (collecting cases). By contrast, courts in this Circuit have found a lack of standing to pursue WTPA damages claims under *Guthrie* in the absence of allegations or facts showing that the plaintiff would have engaged in self-advocacy to prevent underpayment if the employer had provided the required wage notices and wage statements. *See, e.g., Fanus v. 210 E. 51st St., LLC*, No. 24-cv-5162, 2025 WL

1640555, at *6 (E.D.N.Y. Feb. 25, 2025) (finding insufficient plaintiff's attestations that "[d]ue to not receiving the required [wage and statement] notices, [he] was not aware and unable to challenge the unlawful pay scheme"); *Blanco v. M&R Plaza Deli Inc.*, No. 23-cv-9408, 2024 WL 4859467, at *6 (E.D.N.Y. Oct. 29, 2024), *report and recommendation adopted*, 2024 WL 4855214, at *1 (E.D.N.Y. Nov. 21, 2024) (finding insufficient plaintiff's allegations that "as a 'direct result' of defendants' failure to provide proper wage notices and statements, plaintiff 'suffered a concrete harm, resulting from Plaintiff's inability . . . to remedy his compensation problems . . . .'" without further statements about self-advocacy).

Accordingly, Gutierrez Leiva is entitled to statutory damages for violations of NYLL §§ 195(1) and 195(3). Gutierrez Leiva attests that she worked 96 days in 2023 and 80 days in 2024, for a total of 176 days. (ECF No. 14-10 at 2.) At a rate of $50 per day under NYLL § 195(1) and $250 per day under NYLL § 195(3), Gutierrez Leiva is entitled to the statutory maximum of $5,000 for the violation of NYLL § 195(1) and $5,000 for the violation of NYLL § 195(3).

## CONCLUSION

For the reasons explained above, Gutierrez Leiva's Motion for Default Judgment (ECF No. 14) is granted. The Court awards Gutierrez Leiva $22,774.16, plus additional interest, as follows: (1) unpaid minimum wage and overtime compensation in the amount of $5,986.00; (2) liquidated damages in the amount of $5,986.00; (3) WTPA damages for violations of NYLL §§ 195(1) and 195(3) in the amount of $10,000.00; (4) pre-judgment interest through September 25, 2025 in the amount of $802.16, with additional interest to be calculated at a rate of $1.48 per day

through the date of judgment herein; and, (5) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961.

Dated: Central Islip, New York
      December 12, 2025

                                                  */s/ Nusrat J. Choudhury*
                                                  NUSRAT J. CHOUDHURY
                                                  United States District Judge